Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JOSÉ J. RODRÍGUEZ DÁVILA<br><br>Parte Recurrida<br><br>v.<br><br>NEGOCIADO DE LA POLICÍA DE PUERTO RICO<br><br>Parte Recurrente | KLRA202300096 | Revisión de Decisión Administrativa procedente de la Comisión Apelativa del Servicio Público<br><br>Caso núm.:<br>2016-02-0942<br><br>Sobre:<br>Ascensos |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Comparece el Negociado de la Policía de Puerto Rico, representado por la Oficina del Procurador General (Negociado o parte recurrente), y solicita que revoquemos la *Resolución* emitida por la Comisión Apelativa del Servicio Público (Comisión o CASP). Mediante el referido dictamen, la Comisión declaró con lugar la apelación presentada por el Sgto. José J. Rodríguez Dávila (Sgto. Rodríguez o parte recurrida), y ordenó al Negociado continuar con el proceso de ascenso del Sgto. Rodríguez, según establecido en la reglamentación aplicable.

Examinado el recurso, los planteamientos de las partes y los documentos anejados a los escritos, así como la normativa legal aplicable, resolvemos confirmar la determinación administrativa recurrida.

I.

El 24 de diciembre de 2015, el Sgto. José J. Rodríguez Dávila presentó una *Solicitud de Impugnación a las Preguntas de Examen de Ascensos al Rango de Teniente II* ante la Junta de Exámenes para

Ascensos de la Policía de Puerto Rico (Junta).[1] En esta, impugnó ocho (8) preguntas del examen y fundamentó las razones de impugnación correspondientes a cada una. En síntesis, el Sgto. Rodríguez alegó que tomó el examen el 5 de diciembre de 2015, que la Junta corrigió el examen ese mismo día y que le notificaron vía correo electrónico que obtuvo una puntuación de **55** puntos y que, para continuar con el proceso de ascenso, se requería una puntuación de **56** puntos[2].

El 22 de enero de 2016, la Junta le cursó una carta al Sgto. Rodríguez en la que le indicó que, al amparo del Reglamento para la Administración de Exámenes para Ascenso de la Policía de Puerto Rico, sus planteamientos eran improcedentes. También, la Junta le informó sobre su derecho de apelar dicha determinación ante la Comisión Apelativa del Servicio Público, así como el término dispuesto para ello.

El 19 de febrero de 2016, el Sgto. Rodríguez presentó ante la Comisión Apelativa del Servicio Público una *Solicitud de Apelación y Solicitud Voluntaria de Servicio de Mediación (Por Derecho Propio)[3]* junto con el primer escrito de impugnación que había presentado a la Junta. En resumen, el Sgto. Rodríguez incorporó a su apelación lo alegado en el escrito de impugnación sobre la redacción de las preguntas del examen.

Por su parte, el 16 de marzo de 2016, el Negociado presentó *Contestación a la Apelación[4]*. En síntesis, arguyó que las alegaciones del Sgto. Rodríguez, en torno a que las preguntas según redactadas provocaron confusión en los aspirantes, carecían de razonabilidad. Arguyó que la apelación estaba prescrita, por no haberse presentado dentro del plazo de treinta (30) días que establece el Reglamento

---

[1] Véase, apéndice del recurso, págs. 73.
[2] *Íd.*
[3] *Íd.*, págs. 69-72.
[4] *Íd.*, págs. 79-80.

Procesal. Además, que la apelación no justificaba la concesión de un remedio, que no cumplía con los requisitos establecidos en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU) y que carecía de hechos materiales y elementos necesarios que permitieran rebatir las alegaciones.

Después, el 26 de febrero de 2018, el Negociado presentó una *Moción en Solicitud de Desestimación por Falta de Jurisdicción*[5]. En esta, adujo que la Comisión carecía de jurisdicción sobre la materia, porque las alegaciones del Sgto. Rodríguez no estaban relacionadas a controversias de fraude, coerción o discrimen. Al respecto, citó lo resuelto por la Comisión en el caso 2016-01-0558, *Javier Requena v. Policía,* en el que la Comisión determinó que su alcance revisor en apelaciones que recurren del resultado de las pruebas administradas por las juntas de exámenes de ascenso se limita a revisar la aplicación correcta de la guía de corrección. El 20 de febrero de 2018, el Sgto. Rodríguez presentó su oposición a la desestimación, en la cual anejó su parte del informe con antelación a la vista, pero no elaboró ningún argumento sobre la falta de jurisdicción alegada por el Negociado[6]. El 14 de octubre de 2021, el Negociado presentó una *Segunda Moción de Desestimación por Falta de Jurisdicción* en la que reiteró los argumentos presentados en la primera solicitud de desestimación y añadió que la Junta contaba con asesoría experta para la redacción de preguntas, que sus integrantes están certificados a esos efectos y, por tanto, la Junta tiene el conocimiento experto para la redacción del examen.

La vista en su fondo se celebró el 28 de octubre de 2021 ante la oficial examinadora, Lcda. Maribel Rodríguez Ramos. Ambas partes comparecieron representadas por sus abogados y cada parte presentó su prueba documental, la cual fue marcada como *exhibits*

---

[5] *Íd.,* págs. 81-82.
[6] Véase, *Informe de la Oficial Examinadora*, apéndice del recurso, a la pág. 9.

respectivamente[7]. El Sgto. Rodríguez inició el desfile de prueba con su testimonio. Por su parte, el Negociado contrainterrogó al Sgto. Rodríguez, mas no presentó prueba testifical.

El 7 de octubre de 2022, la oficial examinadora rindió su informe en el que formuló once (11) determinaciones de hecho. En las conclusiones de derecho, la oficial examinadora expuso los fundamentos por los cuales denegó la solicitud de desestimación por falta de jurisdicción. En específico, explicó que, el procedimiento de impugnación establecido en el *Reglamento para la Administración de Exámenes para Ascenso en la Policía de Puerto Rico* no implica que se evada la jurisdicción exclusiva que el legislador otorgó a la Comisión, más aún cuando la controversia versa sobre una de las áreas esenciales del principio de mérito, como lo es el ascenso. Señaló que dicho Reglamento nada dispone sobre el poder revisor de la Comisión cuando un aspirante está inconforme con la determinación tomada como resultado de la impugnación de su examen. Destacó, además, que la carta que la Junta le cursó al Sgto. Rodríguez informando la denegatoria de la impugnación de las preguntas, le apercibía a este sobre su derecho de apelar ante la Comisión, por lo que, en dicha misiva, la Junta reconoció el poder revisor que la Comisión ostenta sobre sus determinaciones administrativas. Por ello, concluyó que limitar o condicionar el derecho apelativo que tiene el Sgto. Rodríguez de presentar sus reclamos ante la Comisión atenta contra su ley habilitadora. Finalmente, la oficial examinadora determinó que el Sgto. Rodríguez fundamentó correctamente la impugnación de la primera pregunta,

---

[7] La prueba documental del Sgto. Rodríguez consistió en los siguientes documentos: *Solicitud de Impugnación a las Preguntas de Examen de Ascensos al Rango de Teniente II* (marcada como Exhibit 1 de la parte apelante) y *Comunicación OS-1-6-172* (carta de 22 de enero de 2016) (marcada como Exhibit 2 de la parte apelante). La prueba documental del Negociado consistió en los siguientes documentos: *Convocatoria Especial para Examen de Ascenso a Teniente Segundo* (marcada como Exhibit 1 de la parte apelada) y *Folleto Informativo para Examen de Ascenso a Teniente II* (del 1 de octubre de 2015) (marcado como Exhibit 2 de la parte apelada).

por lo que quedó establecido que el contenido del examen no fue claro y específico. Conforme lo anterior, la oficial examinadora concluyó que el Sgto. Rodríguez tenía razón y, por tanto, procedía que se le adjudicara la puntuación correspondiente a dicha pregunta.

En esa misma fecha, archivada en autos el 11 de octubre de 2022, la Comisión emitió la *Resolución* recurrida en la que adoptó e incorporó el informe de la oficial examinadora. En virtud de la resolución recurrida, la Comisión concluyó que el Sgto. Rodríguez pudo rebatir la presunción de corrección de la primera pregunta impugnada, por lo que resolvió que procedía adjudicarle la puntuación correspondiente (un (1) punto) en adición a la puntuación obtenida por el Sgto. Rodríguez en su examen. Como consecuencia de esto, la puntuación total del Sgto. Rodríguez ascendió a **56 puntos**, cumpliendo así con la puntuación mínima requerida para aprobar el examen de ascenso. Por lo anterior, la Comisión declaró con lugar la apelación presentada por el Sgto. Rodríguez y ordenó al Negociado continuar con el proceso de ascenso.

Insatisfecho, el Negociado presentó reconsideración el 31 de octubre de 2022, la cual fue acogida por la Comisión el 4 de noviembre de 2022. Finalmente, la Comisión denegó la solicitud de reconsideración el 27 de enero de 2023.

Inconforme, el Negociado acude ante nos, imputándole a la Comisión los siguientes señalamientos de error:

> La Comisión Apelativa del Servicio Público erró al acoger la apelación presentada por el sargento Rodríguez Dávila a pesar de carecer de jurisdicción para ello.
>
> La Comisión Apelativa del Servicio Público erró al acoger la apelación presentada por el sargento Rodríguez Dávila, ya que este no derrotó la presunción de corrección de la cual gozan las preguntas formuladas por la Junta de Exámenes.

## II.

### -A-

La jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir los casos que se someten ante su consideración[8]. En relación con la jurisdicción y funcionamiento de las agencias administrativas, esta se deriva, y a su vez, se delimita por su ley habilitadora y reglamento. Al aprobar la ley orgánica de una agencia, la Asamblea Legislativa autoriza y delega a ésta los poderes necesarios para que actúe de acuerdo con el propósito que persiguió el legislador con su creación. Al interpretar el alcance de los poderes delegados a una agencia administrativa, no se debe limitar el análisis a una interpretación restrictiva de su estatuto habilitador[9].

Para que un foro adjudicativo pueda atender y adjudicar un caso es necesario que el mismo tenga tanto jurisdicción sobre la materia como sobre las partes litigiosas. La jurisdicción sobre la materia se refiere a la autoridad del foro adjudicativo para atender y resolver una controversia sobre un asunto legal. Cuando no hay jurisdicción sobre la materia, el foro adjudicativo carece de facultad o poder para intervenir en la solución de la controversia planteada[10].

Los organismos administrativos con funciones adjudicativas, al igual que los foros judiciales, no tienen discreción para asumir jurisdicción donde no la hay. Las agencias administrativas solamente pueden ejercer los poderes que le fueron delegados por vía estatutaria. Es obligación de todo foro adjudicativo examinar y evaluar con rigurosidad su ámbito de jurisdicción toda vez que ello incide directamente sobre el poder mismo para adjudicar una controversia[11].

---

[8] *DACo v. AFSCME,* 185 DPR 1 (2012).
[9] *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1050 (2013).
[10] *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012).
[11] *Íd.,* pág. 123.

La determinación sobre autoridad para dirimir un caso o controversia es un asunto de umbral y tiene que atenderse con prioridad a cualquier otro asunto[12]. La razón para ello es sumamente sencilla: la ausencia de jurisdicción es insubsanable. Tan pronto el foro adjudicativo determina que no tiene jurisdicción, viene obligado a desestimar el caso[13].

Los organismos administrativos, así como los foros judiciales, no tienen discreción para asumir jurisdicción donde no la hay. Las agencias administrativas solamente pueden ejercer los poderes que su ley habilitadora expresamente les ha otorgado y aquellos que sean indispensables para llevar a cabo su encomienda primordial. Así, pues la ley es el medio por el cual el legislador autoriza y delega los poderes a la agencia administrativa para que actúe conforme a sus propósitos. Por esta razón, una agencia no puede asumir jurisdicción sobre una actividad, materia o conducta cuando no está claramente autorizada por ley para ello[14].

Aquella actuación administrativa que no obedezca el poder que se le confirió mediante legislación debe ser catalogada como *ultra vires.* En consecuencia, todos los actos u órdenes ejecutados por una agencia que se extralimitan de lo dispuesto en la ley habilitadora son erróneos y nulos[15].

Al revisar la jurisdicción de una agencia hay que recurrir, en primer lugar, a su ley habilitadora, pues es esta la que define y delimita la extensión de la jurisdicción del organismo administrativo. Por lo tanto, el tribunal determinará en su función revisora, si la actuación administrativa se ajusta o no al poder delegado. Para ello es preciso interpretar la ley orgánica de la

---

[12] Véase, *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873-875 (2007); *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 249 (2012).
[13] *Íd.*
[14] *DACo v. AFSCME,* supra, pág. 12.
[15] *Íd.*

agencia atisbando la intención legislativa y así asegurar el resultado que quiso el legislador[16].

-B-

La Comisión Apelativa del Servicio Púbico (CASP) es un organismo cuasi judicial de la Rama Ejecutiva, que se especializa en asuntos obrero-patronales y en el principio de mérito. Dicho organismo fue creado mediante el *Plan de Reorganización Núm. 2 de 2010[17],* aprobado el 26 de julio de 2010. En virtud de dicho estatuto, la Comisión atiende casos laborales, querellas y asuntos de administración de recursos humanos, de los empleados cobijados por la Ley Núm. 45-1998 y aquellos cubiertos por la Ley Núm. 184-2004. Esta Comisión se creó como el ente adjudicativo con jurisdicción apelativa exclusiva para atender y adjudicar las apelaciones de los empleados públicos del Gobierno de Puerto Rico como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en cuanto a las acciones de personal relacionadas con el principio de mérito. Así se atendió el propósito jurídico medular de que sea la agencia especializada en determinado asunto la que lo atienda, conforme a la autoridad delegada por ley[18].

El Artículo 12 del *Plan de Reorganización Núm. 2 de 2010,* supra, precisa cuál es la jurisdicción apelativa de la Comisión Apelativa del Servicio Público (CASP). Dicho artículo establece lo siguiente:

> La Comisión tendrá jurisdicción exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se enumeran a continuación:
>
> a) **cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue**

---

[16] *Íd.,* pág. 13.
[17] 3 LPRA Ap. III.
[18] *Colón Rivera et al. v. ELA,* supra, pág. 1053.

**que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, conocida como la "Ley de Municipios Autónomos", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;**

b) **cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito;**

c) cuando un empleado irregular alegue que la autoridad nominadora se ha negado injustificadamente a realizar su conversión a empleado regular de carrera, según dispone la Ley Núm. 110 de 26 de junio de 1958, según enmendada, conocida como "Ley de Empleados Irregulares";

d) cuando un Administrador Individual alegue que una acción, omisión o decisión de la Oficina es contraria a las disposiciones generales de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, en las áreas esenciales al principio de mérito;

e) la Comisión tendrá jurisdicción sobre el personal docente y clasificado del Departamento de Educación y el personal civil de la Policía de Puerto Rico, que no estén sindicados bajo la Ley Núm. 45 de 25 de febrero de 1998, según enmendada;

f) la Comisión podrá tener jurisdicción apelativa voluntaria sobre los empleados no organizados sindicalmente de aquellas agencias excluidas de la aplicación de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, y las corporaciones públicas que operen como negocio privado que se sometan voluntariamente al proceso apelativo y adjudicativo de la Comisión. El procedimiento y costo para que puedan acogerse a esta jurisdicción se establecerá, mediante reglamento;

g) cualquier asunto proveniente u originado de la administración de los recursos humanos no cubierto en otras leyes o convenios colectivos.

3 LPRA Ap. XIII, Art. 12. (Énfasis nuestro).

-C-

La Ley Núm. 184-2004, según enmendada, *Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico*[19], vigente al momento en que

---

[19] 3 LPRA secc. 1459 *et. seq.*

el Sgto. Rodríguez compitió para el ascenso, creó un Sistema de Administración de Recursos Humanos enteramente harmónico con la negociación colectiva, cuyo objetivo primordial será aplicar, evaluar y proteger el principio de mérito en el servicio público[20]. Dicha ley establece que las áreas esenciales al principio de mérito son: clasificación de puestos, reclutamiento y selección, ascensos, traslados y descensos, adiestramiento y retención[21]. Además, ordena que los Administradores Individuales provean los mecanismos apropiados de ascensos, traslados y descensos de los empleados para la ubicación de estos en puestos donde deriven la mayor satisfacción de su trabajo y contribuyan con sus esfuerzos a obtener los objetivos de la organización con mayor eficacia, conforme a lo allí establecido[22].

Por su parte, la Ley Núm. 53-1996, según enmendada, *Ley de la Policía de Puerto Rico de 1996[23]*, vigente a la fecha de la presentación de la apelación, le otorgó al Superintendente de la Policía, hoy Comisionado, la facultad de determinar mediante reglamento la organización y administración de la policía, las obligaciones y responsabilidades y conducta de sus miembros y cualquier otro asunto relacionado con el Cuerpo[24]. Igualmente, tendrá la facultad de reglamentar los requisitos de reclutamiento, adiestramiento e ingreso a la Fuerza y ejercerá el poder nominador[25]. Acerca de los ascensos, el Artículo 15 de la Ley Núm. 53 1996, supra, establece las normas a base de las cuales se podrán llevar a cabo los ascensos de los miembros del sistema de rango de la Policía de Puerto Rico. El mismo establece que "[l]os ascensos en rangos se

---

[20] La Ley Núm. 184-2004, supra, fue derogada por la Ley 8-2017, según enmendada, *Ley para la Administración de los Recursos Humanos del Gobierno de Puerto Rico,* 3 LPRA secc. 1469 *et. seq.*
[21] Artículo 6, Sección 6.1, 3 LPRA secc. 1462.
[22] Artículo 6, Sección 6.4, 3 LPRA secc. 1462c.
[23] 25 LPRA secc. 3101 *et seq.* Derogada por la Ley 20-2017, *Ley del Departamento de Seguridad Pública de Puerto Rico,* según enmendada.
[24] Artículo 5(b), 25 LPRA secc. 3104.
[25] Artículo 5(c), 25 LPRA secc. 3104.

podrán conceder por razón de mérito o mediante la aprobación de exámenes", y que el Superintendente establecerá mediante reglamento, los procedimientos de examen para el ascenso de rango.

Ahora bien, antes de la aprobación de la Ley Núm. 53-1996, supra, le precedió la Ley Núm. 26 de 22 de agosto de 1974, según enmendada, *Ley de la Policía de Puerto Rico*[26], la cual también le otorgó al Superintendente la facultad para determinar vía reglamento la organización y administración de la Policía de Puerto Rico. Fue en virtud de esta que el Superintendente adoptó el *Reglamento de Personal de la Policía de Puerto Rico,* Reglamento 4216 del 11 de mayo de 1990, según enmendado y vigente. De conformidad con las antes mencionadas leyes aplicables, el Artículo 13, sección 13.1 (1)(b) del Reglamento dispone lo relativo a los ascensos de los miembros del sistema de rango y que los requisitos serán establecidos por el Superintendente mediante convocatorias de examen. Asimismo, el Superintendente aprobó el *Reglamento para la administración de exámenes para ascenso en la Policía de Puerto Rico,* según enmendado, aprobado el 7 de mayo de 1999, conforme a las disposiciones de la Ley 53-1996 y el Reglamento 4216, excepto en aquellas disposiciones que fueran incompatibles con la Ley 184-2004. El Reglamento establece el proceso que regirá la administración de los exámenes, así como el proceso de revisión de resultados.

Mediante el Reglamento se creó la Junta de Exámenes para Ascenso de los miembros de la Policía de Puerto Rico, la cual tiene como función cualificar a todo miembro de la Policía de Puerto Rico que reúna los requisitos establecidos en la Ley Núm. 53-1996 y aspire a ascender dentro del sistema de rango. Como parte de sus

---

[26] 25 LPRA secc. 1001 *et. seq.*

funciones, la Junta regula todo lo concerniente a la redacción, administración, corrección y revisión de los exámenes de ascenso.

Acerca del procedimiento de revisión del *resultado de examen*, el Artículo XIV, inciso A del Reglamento dispone que "[c]ualquier aspirante podrá solicitar la revisión *del resultado de su examen*, debiendo exponer detalladamente los fundamentos en que sustenta su solicitud, *dirigidos a probar fraude, discrimen o coerción en el proceso*". (Bastardillas nuestras).

El inciso B del mencionado artículo establece que la solicitud de revisión deberá presentarse ante la Junta dentro los próximos treinta (30) días calendarios contados a partir de la fecha de notificación de la puntuación obtenida. Seguidamente los incisos C al E esbozan cómo se efectuará el proceso de revisión. En resumen, el proceso de revisión del resultado del examen consiste en que el aspirante deberá comparecer a la revisión. La revisión será realizada por dos (2) miembros de la Junta de Exámenes quienes atenderán al examinado y le mostrarán a este la contestación correcta. En el transcurso del proceso de revisión no se discutirá, revisará ni evaluará el método de evaluación y formulación del examen.

En lo pertinente a la controversia ante nuestra consideración, resulta menester señalar que el tercer párrafo del inciso E establece lo siguiente: "[t]ampoco se permitirá durante el curso de esta evaluación, la impugnación de preguntas. Para realizar este tipo de señalamiento, el aspirante deberá seguir el procedimiento que se establece en el Artículo XV de este Reglamento." El Artículo XV dispone en específico lo relacionado con el proceso de impugnación *a las preguntas* del examen. Dicho artículo lee como sigue:

> Cualquier impugnación a las preguntas del examen deberá presentarse por escrito a la Junta dentro de los treinta (30) días calendario, contados a partir de haberse administrado el examen. La Junta, dentro de un término razonable, evaluará estos planteamientos y

le notificará por escrito su posición, ante la impugnación incoada.[27]

En resumen, el Reglamento detalla dos procesos sobre la revisión del examen. En el proceso de revisión del resultado del examen, el inciso A del Artículo XIV dispone que el aspirante debe exponer de forma detallada los fundamentos en que sustenta la solicitud de revisión y que los mismos sean dirigidos a probar fraude, discrimen o coerción[28]. Por su parte, el proceso de impugnación a las preguntas del examen se encuentra establecido en el Artículo XV, el cual dispone que el aspirante tendrá treinta (30) días para presentar por escrito la impugnación ante la Junta quien en un término razonable le notificará por escrito su determinación.

-D-

Es norma reiterada que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados[29]. Al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia[30].

Así pues, las determinaciones de hechos de organismos y agencias "tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas"[31]. A esos fines, la revisión judicial ha de limitarse a determinar si la agencia actuó de

---

[27] Véase, *Reglamento para la Administración de Ascenso en la Policía de Puerto Rico* del 7 de mayo de 1999, según enmendado.

[28] La *Convocatoria Especial para Examen de Ascenso a Teniente Segundo* incorporó que en el proceso de impugnación de preguntas los fundamentos del aspirante sean dirigidos a probar fraude, discrimen y coerción. No obstante, dicho requerimiento no está contemplado en el proceso de impugnación de preguntas conforme establecido en el Artículo XV del *Reglamento para la Administración de Exámenes para Ascenso en la Policía de Puerto Rico.* Véase, apéndice del recurso págs. 56-62.

[29] *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 126 (2019), *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821 (2012).

[30] *Graciani Rodríguez v. Garage Isla Verde,* supra, pág. 127; *González Segarra et al. v. CFSE,* 188 DPR 252, 276 (2013).

[31] *Vélez v. A.R.P.E.,* 167 DPR 684, 693 (2006).

manera arbitraria, ilegal, o en forma tan irrazonable que su actuación constituya un abuso de discreción[32].

Por ende, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial;[33] (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales[34].

Con el marco teórico legal antes expuesto, resolvemos.

### III.

En el recurso ante nuestra consideración, el Negociado aduce que la Comisión abusó de su discreción al declarar con lugar la apelación presentada por el Sgto. Rodríguez, por entender que el *Reglamento para la Administración de Exámenes para Ascenso en la Policía* limita las impugnaciones de preguntas a alegaciones de fraude, discrimen o coerción. Señala que el Sgto. Rodríguez no impugnó las preguntas bajo tales alegaciones. Por ello, el Negociado entiende que la Comisión actuó sin jurisdicción sobre la materia y solicita se revoque la resolución recurrida.

Debido a que el primer señalamiento de error versa sobre falta de jurisdicción, nos corresponde resolver en primer lugar, si la CASP tiene jurisdicción para atender la apelación presentada por el Sgto. Rodríguez. Contestamos en la afirmativa. Veamos.

---

[32] *Graciani Rodríguez v. Garage Isla Verde,* supra, pág. 127; *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018).
[33] El concepto *evidencia sustancial* se define como "aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Rolón Martínez v. Supte. Policía,* supra, pág. 36.
[34] *IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 744-745 (2012).

Al resolver el planteamiento de falta de jurisdicción, es menester referirse, en primer lugar, a la ley habilitadora de la CASP y, seguidamente, a las disposiciones reglamentarias y legales que rigen las transacciones de personal del sistema de rango aplicables al Sgto. Rodríguez. Conforme surge de la ley orgánica que creó a la CASP, esta tiene jurisdicción exclusiva cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos alegue que una acción o decisión le afecte o viole el derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito, así como cualquier derecho concedido a los empleados o ciudadanos en virtud de las leyes aplicables. Según surge expresamente de su ley habilitadora, la CASP fue creada como un foro administrativo cuasi judicial especializado en asuntos obrero-patronales y del principio de mérito.

Además, destacamos que el *Reglamento* establece en incisos separados el detalle del proceso de revisión del resultado del examen y el proceso de impugnación de las preguntas del examen. Mientras que, en el proceso de revisión de resultado, el Reglamento dispone que las alegaciones del aspirante deben dirigirse a probar fraude, discrimen o coerción en el proceso, el procedimiento de impugnación de preguntas no detalla ni expone condición o limitación alguna a las alegaciones del aspirante. Aun así, ello en manera alguna, limita o condiciona la jurisdicción apelativa y poder revisor que la CASP ostenta sobre toda determinación de apelaciones surgidas de acciones o decisiones de los Administradores Individuales que afecten o violen el derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito, así como cualquier derecho concedido a los empleados o ciudadanos en virtud de las leyes aplicables.

En efecto, la contestación a la apelación enviada por el Negociado al Sgto. Rodríguez le informó a este sobre su derecho a apelar la determinación ante la CASP. En vista de lo anterior, concluimos que la CASP tiene jurisdicción para atender la controversia planteada en el presente caso. Pretender limitar mediante un reglamento interno la jurisdicción sobre la materia que ostenta la CASP, atenta contra los poderes y facultades que le fueron expresamente conferidos a través de su estatuto habilitador. El primer señalamiento de error no se cometió.

Como segundo señalamiento de error, el Negociado alega que la CASP erró al acoger la apelación del Sgto. Rodríguez, por entender que este no derrotó la presunción de corrección de la que gozan las preguntas formuladas por la Junta de Exámenes. No tiene razón. En el dictamen recurrido, que, a su vez, adoptó el extenso y fundamentado informe rendido por la oficial examinadora de la Comisión, la CASP evaluó cada una de las preguntas impugnadas por el Sgto. Rodríguez Dávila. De la información que tuvo ante sí la agencia recurrida, surge con claridad que el Sgto. Rodríguez Dávila logró rebatir la presunción de corrección de la primera pregunta impugnada. Tan es así, que el material del que trata dicha pregunta surge de la propia Convocatoria y Folleto Informativo publicado por el Negociado en el que se especifica cuáles son las materias objeto del examen. Ante el minucioso estudio que la CASP realizó a la apelación presentada por el Sgto. Rodríguez, así como la prueba desfilada por las partes durante la vista, el Negociado no produjo evidencia suficiente para derrotar ni la presunción de legalidad y corrección que cobija las determinaciones administrativas, las cuales merecen nuestra deferencia. Tampoco pudo demostrar que la CASP actuó de manera arbitraria, ilegal, o en forma tan irrazonable que su actuación constituya un abuso de discreción.

Como bien determinó la CASP, la dirección o limitación de las alegaciones del Sgto. Rodríguez en nada incide sobre el poder y jurisdicción apelativa que la comisión ostenta sobre las decisiones administrativas que le fueron expresamente conferidas en virtud de su ley habilitadora. Por consiguiente, procede confirmar la resolución recurrida.

IV.

Por los fundamentos antes expresados, confirmamos la *Resolución* emitida por la Comisión Apelativa del Servicio Público.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones